## COMMONWEALTH *versus* EDWARD PRAY.

In an indictment on *St.* 1786, *c.* 68, § 1, it is sufficient to set forth, in the general words of the statute, that the defendant " presumed to be and was a common seller of wine &c. by retail &c., not being first duly licensed " &c., without specifying particular instances of selling.

An indictment on *St.* 1786, *c.* 68, charged that E. P., of Braintree, in the county of Norfolk, on a day named and on divers other days between that day and another day named, " at Braintree aforesaid, did presume to be and was a common seller of wine, beer, ale, cider, brandy, rum and other strong liquors by retail, in less quantities than twenty-eight gallons, and that delivered and carried away all at one time, *and did at said Weymouth* " (Weymouth not being mentioned before) " *during all the time between the days aforesaid, commonly and habitually sell to divers persons to the jurors unknown, wine &c. by retail, in less quantities than twenty-eight gallons, and that delivered and carried away all at one time,* he the said E. P. not being first duly licensed therefor," &c. It was *held* that the allegation in Italics *might be rejected as surplusage.* and that the indictment without it was sufficient.

THE defendant was indicted as follows, on the statute of 1786, *c.* 68, § 1.

" The jurors &c. present, that Edward Pray, of Braintree, in the county of Norfolk, trader, on the thirtieth day of September, in the year of our Lord one thousand eight hundred and thirty, and on divers other days between that day and the twentieth day of December next following, at Braintree aforesaid, did presume to be and was a common seller of wine, beer, ale, cider, brandy, rum and other strong liquors by retail, in less quantities than twenty-eight gallons, and that delivered and carried away all at one time, *and did*

Common-
wealth
v
Pray.

at said *Weymouth*, during all the time between the days afore-
said, commonly and habitually sell to divers persons to the
jurors unknown, wine, beer, ale, cider, brandy, rum and other
strong liquors by retail, in less quantities than twenty-eight
gallons, and that delivered and carried away all at one time,
he the said Edward Pray not being first duly licensed there-
for, according to law," &c.

The defendant demurred generally to the indictment.

*Oct 30th.*

*Kingsbury*, in support of the demurrer, objected to the
indictment on the grounds of uncertainty and repugnancy.
The allegations that the offence was committed at *Braintree*
and at " *said Weymouth*," are repugnant, and the place of
the offence is rendered uncertain. 2 Hale's P. C. 180
Bac. Abr. *Indictment, G* 4 ; Hawk. *bk.* 2, *c.* 25, § 83 ;
*Cholmley's case*, Cro. Car. 465 ; *Wingfield's case*, Cro. Eliz.
739. The general rule is, that an indictment should set
forth the particular facts constituting the offence charged.
There are some exceptions, as in the cases of a common
barrator and a common scold, but they do not embrace the
offence for which this defendant is indicted. 2 Hale's P. C.
182 ; Hawk. *bk.* 2, *c.* 25, § 59. The second allegation in
the indictment is descriptive of the offence, and is repugnant
to the first allegation, and for both of these reasons it cannot
be rejected as surplusage. *Rex* v. *Holt*, 2 Leach, 676 ;
*S. C.* 5 T. R. 446 ; 3 Stark. Ev. 1529 ; Com. Dig. *Plead-
er, E* 12 ; Co. Lit. 303 *b* ; Gould's Pl. 155, *c.* 3, § 172.

*Austin*, Attorney-General, for the commonwealth, said
that the clause in the indictment printed in Italics, might be
rejected as surplusage ; 1 Chit. Crim. Law, 238 ; *Common-
wealth* v. *Hunt*, 4 Pick. 252 ; and that it has been the in-
variable practice, ever since this statute was passed, to set
forth the offence in this general form, and that the case came
within the reasons of the exceptions in regard to common
barrators and common scolds.

*Feb. term,
1833.*

MORTON J. delivered the opinion of the Court. This
case comes before us on general demurrer ; and the only
subject for our consideration is the sufficiency of the indict
ment. It is framed upon the first section of *St.* 1786, *c*
68. That section contains two distinct prohibitions, en

forced by different penalties. The first clause provides, that no person may, without being duly licensed, " presume to be a common victualler, innholder, taverner, or seller of wine, beer, ale, cider, brandy, rum, or any strong liquors, by retail," under a penalty of *twenty pounds.* The second clause provides, that if any person shall, without license, " sell any spirituous liquors, or any mixed liquors, part of which is spirituous," he shall incur a penalty of not less than *forty shillings,* nor more than *six pounds.* The first offence consists in *presuming* to be a *common victualler,* or *common-seller* &c. ; the second, in *actually* selling. Although the *first* offence may not be completed without committing the *second,* yet the *second* may be, without committing the *first.*

The indictment contains two distinct charges. The one, in general terms, that the defendant did *presume* to be and *was* a common seller &c. ; in the words of the statute. The other, that the defendant did *commonly* and *habitually* sell to divers persons to the jurors unknown, wine &c. The first is laid with a proper venue, viz. " at Braintree aforesaid," Braintree having just before been described as in the county of Norfolk. In the second, the offence is alleged to have been committed " at said Weymouth " ; whereas Weymouth had not before been named. This unquestionably is a mere clerical error. But it is inconsistent with the former venue, and clearly insufficient. Hawk. *bk.* 2, *c.* 25, § 83 ; 2 Hale's P. C. 180.

The next inquiry is, whether this defective averment may not be rejected as *surplusage.* It does not contradict any other averment in the indictment ; it is not *descriptive* of the *identity* of the charge, or of any thing essential to it, nor does it, in any degree, tend to show that no offence was committed. 3 Stark. Ev. 1529 ; 1 Chit. Crim. Law, 238 ; Gould's Pl. 154, 155, and authorities there cited ; *Commonwealth* v. *Hunt,* 4 Pick. 252.

The second allegation, embracing all between the words *all at one time,* where they first occur, and the words *he the said Edward,* may properly be rejected as surplusage. Indeed it must be excluded, for it contains no legal averment ; and the indictment must be treated as if originally drawn

without it. But as it cannot aid the indictment, so it will not injure it. *Utile per inutile non vitiatur.*

The indictment describes the offence in the very words of the statute. This usually is not sufficient. The established rules of pleading require the essential facts and circumstances to be particularly, unambiguously and certainly stated, that the court may know whether they amount to a violation of the law, and what punishment, if any, they require. A general charge, as that a man is a common thief, common forestaller, or common champertor, &c., is clearly insufficient. Hawk. *bk.* 2, *c.* 25, § 59.

But this general rule, useful and important as it may be, is not without its exceptions ; for there are classes of cases to which it does not apply. Wherever the crime consists of a series of acts, they need not be specially described, for it is not *each* or *all* the acts of themselves, but the practice or habit which produces the principal evil and constitutes the crime.

Thus, it is sufficient to charge a person with being a *common barrator,* or a *common scold.* Hawk. *bk.* 2, *c.* 25, § 59. And it is not necessary to set forth any particular acts of *barratry* or of *scolding* ; for it is the general practice, and not the particular acts, which constitutes the offence. They go to make up the evidence of the crime, but are not the crime itself. And it is never necessary in pleadings, civil or criminal, to set forth the evidence.

There is another class of cases, which, though not very similar to the above, seem to come within the same exception. It is sufficient to charge a person generally with keeping a house of ill fame, a disorderly house, or a common gaming house. Hawk. *bk.* 2, *c.* 25, § 57 ; Davis's Prec. of Indictments, 140, 198 ; *Rex v. Higginson,* 2 Burr. 1233. Now although all the acts which make up these general offences, are in themselves unlawful, it is not necessary to set them forth. The several acts may be indicted and punished separately, but the keeping the house is a distinct offence, and as such liable to punishment.

This indictment comes within these principles. Although to make out the statute offence it may be necessary to prove particular acts, such as entertaining company or selling spirits,

yet these acts are only evidence of the general charge, and may be proved, but need not be alleged.

There is also one other class of cases, well settled, as we think, which are, in principle, similar to the case under consideration. It is made the duty of towns to keep in repair all highways within their limits ; and for a neglect of this duty they are liable, not only to indictment, but, if any individual injury occurs by reason of it, to a civil action. *St.* 1786, *c.* 81. In indictments and declarations on this statute, which are of almost daily occurrence, the practice never has been to set forth minutely the defects in the highway. But a general allegation, that a certain highway is out of repair, ruinous and unsafe, has always been deemed sufficient. Hawk. *bk.* 2, *c.* 25, § 68 ; Davis's Prec. of Indictments, 195 ; *Rider* v. *Smith*, 3 T. R. 766.

The object of the rule requiring the charge to be particularly, certainly and technically set forth, is threefold. *First,* to apprize the defendant of the precise nature of the charge made against him. *Secondly,* to enable the court to determine whether the facts constitute an offence and to render the proper judgment thereon. And *thirdly,* that the judgment may be a bar to any future prosecution for the same offence. 3 Stark. Ev. 1527.

The allegations remaining in this indictment entirely satisfy all these objects. They fully apprize the defendant of the nature of the charge preferred against him. When it is alleged that at a certain time he did *presume* to be and *was* a common innholder and common seller of spirits &c., he cannot be ignorant of the offence which is imputed to him. Besides, the court, according to the modern practice, in all cases of general allegations, take care that the defendant shall not be surprised, but that he shall seasonably be furnished with such specifications and particular statements, as may be necessary to enable him to prepare for his trial, and to meet all the proof which may be brought against him. It is admitted that if the second allegation were sufficient, the whole indictment would be good. Now it is apparent that this second clause gives no information as to the nature of the offence, or of the particular facts to be proved, not contained in the first.

That the indictment is sufficient to enable the Court to render the proper judgment, and that it will be a bar to all future prosecutions for the same offence, we cannot doubt. In this case the time enters into the essence of the offence, and with entire certainty fixes the identity. The defendant can never again be punished for being a common seller &c., within the time described in the indictment. But even if the *identity* were not proved by the record, it might, as in many other cases, be established by proof *aliunde*.

Upon the whole, the Court are of opinion, that the second clause in the indictment may properly be rejected as surplusage ; that the indictment, without it, contains all the allegations necessary to its support ; and therefore, that the demurrer must be overruled.